IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:18-cv-422

| | |
|---|---|
| WILLIAM D. WATSON, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>LFR MANAGEMENT, LLC a/k/a )<br>LEAVINE FAMILY RACING )<br>)<br>Defendant. ) | **COMPLAINT**<br>**(FLSA COLLECTIVE ACTION)** |

Plaintiff, William D. Watson ("Watson" or "Plaintiff"), on behalf of himself and all others similarly situated, by and through counsel, brings this collective action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Defendant LFR Management, LLC a/k/a Leavine Family Racing ("LFR" or "Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Watson and those he seeks to represent are current and former fabricators who LFR misclassified as exempt employees under the FLSA and failed to pay overtime compensation.

## THE PARTIES

2. Watson is an adult individual who is a resident of Mooresville, North Carolina.

3. Watson has been employed by Defendant since May 8, 2017.

4. LFR is a foreign limited liability company registered and in good standing in the State of North Carolina since 2016.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

6. This Court has personal jurisdiction because Defendant conducts business in Cabarrus County, North Carolina, which is located within this judicial district.

7. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Cabarrus County, North Carolina.

## COVERAGE ALLEGATIONS

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

11. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## PLAINTIFF'S FACTUAL ALLEGATIONS

12. Defendant is an automobile race team that competes in the Monster Energy NASCAR Cup Series.

13. Defendant employs Plaintiff and those similarly situated as fabricators.

14. The essential job duty of a fabricator is manual labor. Specifically, fabricators work with sheet metal and other materials to construct, build and install race car components, including chassis, clips, brackets and other mounting materials.

15. Defendant pays Plaintiff and other similarly situated employees on a salary basis and classifies Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

16. Plaintiff and other fabricators work more than 40 hours each week without overtime pay. Plaintiff estimates he and other fabricators work between 45-55 hours per week. During his tenure with Defendant, Plaintiff has not worked less than 43 hours in any workweek during his employment.

17. The job duties of a fabricator do not fall within any of the exemptions provided under the FLSA.

18. Plaintiff and other fabricators have questioned Defendant regarding why they are not paid overtime and have been told it is because they work in a "salary" position.

19. Defendant has knowledge that Plaintiff and other similarly situated employees work in excess of forty hours per week because Plaintiffs have informed Defendant about their unpaid overtime compensation and because Defendant's management regularly observes Plaintiff and other similarly situated employees working well beyond the end of their workshifts.

## COLLECTIVE ACTION ALLEGATIONS

20. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

21. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings his FLSA claim on behalf of himself and similarly situated employees who have worked as fabricators (and/or individuals in any other similarly titled position) and who elect to opt-in to this action ("Opt-in Plaintiffs).

22. The FLSA § 216(b) collective action class is properly defined as: All current and former employees of LFR who were employed as a fabricator (and/or individuals in any other similarly titled position), anytime during the three-year period preceding the filing of the Complaint in this action.

23. Consistent with Defendant's policy and pattern or practice, Plaintiff and Opt-in Plaintiffs have not been paid overtime compensation for all hours worked beyond 40 per workweek.

24. All of the work that Plaintiff and Opt-in Plaintiffs have performed has been assigned by Defendant and Defendant has been aware of all of the work that Plaintiff and Opt-in Plaintiffs have performed.

25. As part of its regular business practice, Defendant has intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and Opt-in Plaintiffs. This policy, pattern and practice includes, but is not limited to, willfully failing to pay Plaintiff and Opt-in Plaintiffs premium overtime wages for all hours worked in excess of 40 hours per workweek.

26. Defendant is aware or should have been aware that federal law required it to pay Plaintiff and Opt-in Plaintiffs overtime premiums for all hour worked in excess of 40 per workweek.

27. Plaintiff and Opt-in Plaintiffs perform or performed the same basic job duties, were paid pursuant to the same compensation scheme, were subject to the same employment policies, practices and procedures, and have been subject to the same unlawful practices alleged herein.

28. Plaintiff and Opt-in Plaintiffs have each worked more than forty (40) hours in one or more workweeks within the applicable statutory period.

29. Defendant's unlawful conduct has been widespread, repeated, and consistent.

30. There are other similarly situated current and former employees who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the Opt-in Plaintiffs pursuant to 29 U.S.C. § 216(b).

31. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

32. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant's conduct was willful in that it knew that it's payroll policies, practices and/or procedures were in violation of the FLSA or it showed reckless disregard to whether it's payroll policies, practices and/or procedures were in violation of the FLSA.

**(Violation of FLSA – Overtime Collective Action)**

33. Plaintiff incorporates by reference paragraphs 1 through 32 of his Complaint.

34. Defendant violated the FLSA by failing to pay Plaintiff and Opt-in Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty in a workweek during the time period Plaintiff and Opt-In Plaintiffs were employed as fabricators (and/or individuals in any other similarly titled position).

35. Defendant violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiff and Opt-in Plaintiffs.

36. Defendant's violation of the FLSA was willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand the Court:

a) Order the Defendant to file with this Court and furnish to counsel for Plaintiffs a list of all names, telephone numbers, home addresses and email addresses of all fabricators, or any other similarly titled position, who have worked for Defendant within the last three years;

b) Authorize Plaintiff's counsel to issue notice at the earliest possible time to all fabricators, or any other similarly titled position, who have worked for Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

c) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

d) An Order pursuant to the NCWHA finding Defendant liable for unpaid overtime wages, plus liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

e) An Order awarding the costs of this action;

f) An Order awarding reasonable attorneys' fees;

g) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

h) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

i) An Order granting such other and further relief as may be necessary and appropriate.

Dated: May 16, 2018    Respectfully submitted,

/s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276
PHIL GIBBONS LAW, P.C.
15720 Brixham Hill Ave, Ste 331
Charlotte, North Carolina 28277
Telephone: (704) 625-2834
E-Mail: phil@philgibbonslaw.com