IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:18-cv-422-LCB-JEP

| WILLIAM D. WATSON and WADE MOORE, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) ) | **AMENDED COMPLAINT** |
| vs. | ) ) | |
| LFR MANAGEMENT, LLC a/k/a LEAVINE FAMILY RACING | ) ) ) | |
| Defendant. | ) | |

Plaintiffs, William D. Watson ("Watson") and Wade Moore ("Moore") (together "Plaintiffs"), by and through counsel, bring this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Defendant LFR Management, LLC a/k/a Leavine Family Racing ("LFR" or "Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiffs are former fabricators who LFR misclassified as exempt employees under the FLSA and failed to pay overtime compensation.

## THE PARTIES

2. Watson is an adult individual who is a resident of Mooresville, North Carolina.

3. Watson was employed by Defendant from on or about May 2017 to May 2018.

4. Moore is an adult individual who is a resident of Mooresville, North Carolina.

5. Moore was employed by Defendant from on or about May 2017 to January 2018.

6. LFR is a foreign limited liability company registered and in good standing in the State of North Carolina since 2016.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

8. This Court has personal jurisdiction because Defendant conducts business in Cabarrus County, North Carolina, which is located within this judicial district.

9. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Cabarrus County, North Carolina.

## COVERAGE ALLEGATIONS

10. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

13. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

### PLAINTIFF'S FACTUAL ALLEGATIONS

14. Defendant is an automobile race team that competes in the Monster Energy NASCAR Cup Series.

15. Defendant employed Plaintiffs as fabricators.

16. The essential job duty of a fabricator is manual labor. Specifically, fabricators work with sheet metal and other materials to construct, build and install race car components, including chassis, clips, brackets and other mounting materials.

17. Defendant paid Plaintiffs on a salary basis and classified Plaintiffs as exempt from the overtime provisions of the FLSA.

18. Plaintiffs worked more than 40 hours each week without overtime pay. Plaintiffs estimate they worked between 45-55 hours per week. During their tenure with Defendant, Plaintiffs have not worked less than 43 hours in any workweek during their employment.

19. The job duties of a fabricator do not fall within any of the exemptions provided under the FLSA.

20. Plaintiffs have questioned Defendant regarding why they are not paid overtime and have been told it is because they work in a "salary" position.

21. Defendant has knowledge that Plaintiffs worked in excess of forty hours per week because Plaintiffs have informed Defendant about their unpaid overtime compensation and because Defendant's management regularly observes Plaintiffs working well beyond the end of their work shifts.

### (Violation of FLSA – Unpaid Overtime)

22. Plaintiffs incorporate by reference paragraphs 1 through 21 of their Complaint.

23. Defendant violated the FLSA by failing to pay Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty in a workweek during the time period Plaintiffs were employed as fabricators.

24. Defendant violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiffs.

25. Defendant's violation of the FLSA was willful.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

b) An Order awarding the costs of this action;

c) An Order awarding reasonable attorneys' fees;

d) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

Dated: September 26, 2018  Respectfully submitted,

 /s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276
GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone:     (704) 612-0038
E-Mail:  phil@gibbonsleis.com

## CERTIFICATE OF SERVICE

This is to certify that on September 26, 2018 a copy of the foregoing has been filed with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Brian Lee Church
bchurch@rbh.com

Travis S. Hinman
thinman@robinsonbradshaw.com

/s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276